■ MILLERTON AGWAY COOPERATIVE, INC., Appellant, v. BRIARCLIFF FARMS, INC., et al., Respondents.— Order entered July 1, 1965 — which upon a motion for reconsideration recalled a prior order granting plaintiff's motion for partial summary judgment on the first, second, third and sixth causes of action, and denied the motion for partial summary judgment without prejudice to the renewal of the motion after defendants amended their answers — unanimously reversed on the law, and plaintiff's motion for partial summary judgment as to the first, second, third and sixth causes of action, is granted, and an assessment is ordered as to the seventh cause of action and the fourth and fifth causes of action are severed, with $30 costs and disbursements to plaintiff-appellant. The first three causes of action are based upon promissory notes made by the corporate defendant (Briarcliff) in a total sum of $742,641.98. The sixth cause of action seeks recovery against the individual defendants based upon their personal guarantees of the corporate obligation. In the seventh cause plaintiff seeks the recovery of attorneys' fees for the collection of the amounts due on the notes. Briarcliff operates certain farms on which it raises beef cattle. It purchased cattle feed from plaintiff — a nonprofit farmers' cooperative corporation. The individual defendants are stockholders of Briarcliff. On June 15, 1964, Briarcliff delivered to plaintiff its promissory note, payable on demand, in the sum of $283,818.05 for goods sold and delivered. At the same time, the individual defendants each executed his personal guarantee limited to $400,000. Plaintiff continued to supply Briarcliff and by September, 1964, Briarcliff's obligation aggregated $727,641.98. Following a meeting among some of the parties, late in September, 1964, Briarcliff executed and delivered a corporate demand note in the sum of $443,823.93, which note together with the prior note of $283,818.05 reflected the entire past-due indebtedness of $727,641.98. An additional $15,000 Line of Credit Note, payable in 30 days was also executed and delivered to plaintiff. The individual defendants signed personal guarantees of the indebtedness of Briarcliff limited to one million dollars. Those guarantees were terminable by each guarantor at will. When Briarcliff defaulted on the $15,000 Line of Credit Note, plaintiff demanded payment of the entire account. In substance, the individual defendants claim that they executed the guarantees on plaintiff's representations that it would extend further credit of $300,000 to Briarcliff and that plaintiff would not press for payment of the outstanding

indebtedness until the total credit aggregated $1,000,000. Such representations were false, defendants claim, in that plaintiff had no intention of performing its alleged promise of giving further credit to Briarcliff and made the promise only for the purpose of obtaining the personal guarantees of the five individual stockholders of Briarcliff. It must be noted, at the outset, that the unconditional guarantees did not incorporate the alleged representation. In view of the size of the commitment, it must be considered unusually strange that the alleged representations were not inserted in the guarantees. Moreover, the fact that the notes were negotiable militates against any claim of the existence of such an important condition. Significantly, the claim of a misrepresentation was belatedly offered after the original motion for summary judgment had been submitted. The correspondence between defendant Brown, who was allegedly present when the claimed representations were made, and his coguarantors at the inception of the transaction fails to mention any representation. We have concluded that the defense of any claimed representation is feigned. It constitutes an ineffectual attempt to couch an impermissible claim of a condition not expressed in the guarantees in the form of an alleged misrepresentation to induce the contract. No triable issue is raised as to the alleged fraud. There is no proof sufficient to raise a bona fide issue to counteract the plain and unambiguous terms of the guarantees. Plaintiff was therefore entitled to summary judgment. Settle order on notice. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.